CHRISTOPHER JACKMAN, *ET AL.*, PLAINTIFFS-APPELLANTS, v. JOHN M. BODINE, *ET AL.*, DEFENDANTS-RESPONDENTS.

Argued December 14, 1964—Decided December 15, 1964.

*Mr. Arthur J. Sills,* Attorney General, and *Mr. David Friedland* argued for the motion.

*Mr. William M. Lanning* and *Mr. H. Arthur Smith, Jr.,* argued in opposition.

PER CURIAM. In *Jackman v. Bodine,* 43 *N. J.* 453, decided November 25, 1964, we held that the Senate of the State of New Jersey is malapportioned under the doctrine of the deci-

sions of the United States Supreme Court cited therein, and we held further that the Legislature had the power by virtue of necessity to enact a statute for the election of a new Legislature in November 1965. We retained jurisdiction with respect to any controversy which might arise as to this subject.

The Attorney General now moves for a declaration that a resolution adopted by the Senate on November 16, 1964 purporting to provide for so-called weighted voting is invalid both under the Federal Constitution and the State Constitution. Counsel for the President of the Senate contends that a rule to that effect has not yet been adopted although the resolution referred to above does indicate an intention on the part of the Senate to provide for such weighted voting. For the purposes of this motion we will assume that the resolution now on hand does have the import attributed to it by the Attorney General.

We are satisfied that the vote necessary for the adoption of legislation may not be fixed by an internal rule or regulation of one branch of the Legislature. In fact our State Constitution deals with this subject as basic organic law and thus does not even leave it to determination by statute. As stated above we have found that an interim power to comply with the demands of the Federal Constitution may be exercised by statute. Being satisfied that the subject cannot be dealt with by the resolution of a single house we must conclude that the resolution of November 16, 1964 described above is a nullity. It is accordingly unnecessary for us to consider whether there is any possible basis upon which weighted voting could be reconciled either with the Federal Constitution or our present State Constitution.

Some members of the Court wish to state now that both constitutions bar weighted voting. A majority of the Court feel the question need not be decided now, but add that the omission so to do should not be taken to suggest that they entertain the view that weighted voting could be upheld.

The resolution described above is accordingly adjudged a nullity.

*For nullification of resolution*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*Opposed*—None.